## SHAW, PERELSON, MAY & LAMBERT, LLP
**ATTORNEYS AT LAW**
21 VAN WAGNER ROAD
POUGHKEEPSIE, NEW YORK 12603
(845) 486-4200
FAX (845) 486-4268

**WESTCHESTER OFFICE**
115 E. STEVENS AVENUE
VALHALLA, NEW YORK 10595
(914) 741-9870
FAX (914) 741-9875

STEPHEN A. PERELSON (1941-2002)
DAVID S. SHAW
MARGO L. MAY
MICHAEL K. LAMBERT
BETH L. HARRIS
STEVEN M. LATINO
JULIE M. SHAW
LAKSHMI S. MERGECHE
------
CHRISTINA C. JEFFERSON *
------
MARK C. RUSHFIELD **
OF COUNSEL
------
IRA S. LEVY
OF COUNSEL

\*   pending admission to the NYS Bar
\*\*  also admitted in New Jersey

MARC E. SHARFF
OF COUNSEL
------
CROW LAW, PLLC
OF COUNSEL:
DANIEL H. CROW
------
SILVERMAN & ASSOCIATES
OF COUNSEL:
LEWIS R. SILVERMAN
CAROLINE B. LINEEN
GERALD S. SMITH
VALENTINA LUMAJ
DEANNA L. COLLINS
STANISLAV SHAROVSKIY

---

A conference has been scheduled for February 20, 2025 at 10:00 a.m. to discuss the matters raised in the parties' letters. At the time of the scheduled conference, all parties shall call the following number: (855) 244-8681; access code 2317 236 5283. The Clerk of Court is respectfully requested to terminate the pending letter-motions (Doc. 10, Doc. 11).

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        February 5, 2025

---

*Via ECF*

Hon. Philip M. Halpern, U.S.D.J.
US District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   **S.M. and L.M., individually and o/b/o J.M. v. Eastchester Union Free School District, Civil Action No. 7:24-cv-09273 (PMH); Pre-Motion Letter**

Dear Judge Halpern:

This office represents the defendant, Eastchester Union Free School District ("District") in this action, by which the Plaintiffs seek to have the Court vacate an August 7, 2024 Decision of the New York State Review Officer ("SRO") in Decision No. 24-239, in which it held that the evidence in the hearing record did not lead to the conclusion that the District had denied student J.M. a free appropriate public education ("FAPE") for the 2023-2024 school year, and to confirm the contrary decision of the Impartial Hearing Officer ("IHO).

This firm did not represent the District in the administrative proceedings before either the IHO or SRO below.

The Complaint filed in this action (Document 1), is comprised of 28 double-spaced pages and contains 139 separate paragraphs. It sets forth 45 alleged factual or argument-style allegations which expressly rely upon and cite to, portions of the administrative record before the IHO and SRO, and/or the decisions of the IHO and SRO (Complaint ¶¶ 44-47, 49-51, 57, 60, 61, 63, 65-69, 71-73, 76, 79, 81-86, 88-99, 105, 106, 108, 109, 112, 113 and 115). It further sets forth 45 alleged factual or argument-style allegations that provide no reference to the administrative record, or to anything else, for support thereof (Complaint ¶¶ 26, 27, 48, 52-56, 58, 59, 62, 64, 70, 74, 75, 80, 87, 100-102, 104, 107, 110, 111, 116, 117, 118, 120-127, 129-135 and 137-139). The Complaint also sets forth 14 separate allegations of law allegedly based upon case law citations (Complaint ¶¶ 9, 32-43 and 114). Attached to the Complaint are the IHO and SRO decisions below.

The Complaint does not seek that the Court accept any additional evidence beyond that presented before the IHO and SRO. Thus, this case will be decided solely upon the administrative record below.

By letter dated December 24, 2024 (Document 6), this office advised the Court that the Plaintiff had consented to this Court granting an extension of time to January 29, 2025 to respond to the Complaint and that the Defendant proposed that the Plaintiff agree to a request to the Court that the Court relieve the Defendant of any obligation to file an answer to the Complaint, and instead, schedule a pre-motion conference in which the parties could agree to a briefing schedule for a "summary judgment" motion methodology for disposition of the action.

By Order dated December 27, 2024 (Document 7), the Court directed Plaintiff counsel to provide a certified copy of the administrative record to counsel for Defendant and to file that

Page 3

administrative record with the Court under seal; that the parties were to Bates number the pages of that administrative record, such that each page is marked with a unique page number that both parties shall reference.[1] The Court further ordered that "[i]n lieu of filing an answer, Defendant may file a letter, limited to five pages, setting forth a basis for the proposed motion by January 29, 2025." This letter is submitted for that purpose.

Motions for summary judgment are customarily used in Federal Court to resolve Individuals with Disabilities in Education Act ("IDEA") actions, such as the instant action. See *Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006) and *Antonaccio ex rel. Alex v. Bd. of Educ.*, 281 F. Supp. 2d 710, 714 (S.D.N.Y. 2003). As noted in our letter to the Court of December 24, 2024, such motion practice has been permitted and ordered in lieu of requiring school districts to file an answer to parent complaints under the IDEA in this firm's experience by Judge Karas of this Court in *Y.N. v. Board of Ed. Harrison CSD*, 17-CV-4356, by Judge Briccetti of this Court in *M.P. v. Carmel CSD*, 15-CV-03432[2] and *A.G. v. Bd. of Ed. of Arlington CSD,* 16-CV-01530; by Judge Roman of this Court in M.*G. v Mamaroneck UFSD*, 17-CV-1554 and by Judge Seibel of this Court in *G.S. and D.S. o/b/o S.S. v. Pleasantville UFSD*, 19-CV-06508 (CS).

The reason for the Court relieving the District from having to file an answer to the Plaintiff's inordinately lengthy Complaint in this action, apart from the burden it unnecessarily places upon the District, and proceeding to such a "summary judgment" methodology, lies in the Court's role in reviewing the administrative decision of the SRO, i.e., the ultimate responsibility

---

[1] The Complaint's references to exhibits or testimony in the administrative record are to pre-Bates-stamped documents.

[2] Reported at 2016 U.S. Dist. LEXIS 10960 and 20116 WL 379765 (S.D.N.Y. Jan. 29, 2016).

of the Court in deciding this action.

As the Second Circuit has held, a summary judgment motion in an IDEA action is not a typical summary judgment motion, because the motion functions as an appeal from an administrative decision; rather, it "is a pragmatic procedural mechanism for reviewing administrative decisions" such as that of the SRO in this action. *T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) 2009) (internal quotation marks omitted). However, unlike in an ordinary civil action, in an IDEA case challenging the decision of an SRO, the existence of a disputed issue of material fact will not preclude a decision granting summary judgment to a party. *Viola*, 414 F. Supp. 2d at 377.

In deciding this case, this Court's role and authority is well-established. The Court is to (1) review the record at the administrative proceedings below; (2) hear additional evidence at the request of a party and (3) grant such relief as the Court deems appropriate based on a preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C); see *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 380 (2d Cir. 2003). The Court is to engage in an "independent review" of the administrative record in making its determination based upon the preponderance of the evidence. See *Bd. of Educ. v. Rowley*, 458 U.S. 176, 205-06 (1982) and *M.H. ex rel. P.H. v. N.Y.C. Dep't of Educ.,* 685 F.3d 217, 240 (2d Cir. 2012).

However, the Court's review of the SRO's decision is limited. *M.H,*, 685 F.3d at 240*; Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998). Deference to administrative decisions is particularly warranted where, as here, the Court's review "is based entirely on the same evidence as that before the SRO," *M.H.*, 685 F.3d at 240. Where, as in the instant case, the IHO and SRO decisions conflict, the IHO's decision "may be afforded diminished weight," as the Court "defer[s] to the final decision of the state authorities", i.e., the SRO's

decision. A.*C. ex rel. M.C. v. Bd. of Educ*., 553 F.3d 165, 171 (2d Cir. 2009) (internal quotation marks omitted).

It is submitted that, regardless of the pleadings, this Court will be addressing this action not upon the pleadings, but rather, as it must, upon the full administrative record below, as this Court has permitted in other cases challenging decisions of the SRO, as a matter of judicial economy and conservation of party resources, not to mention of common sense, this Court should relieve the District of the need to file an Answer to the Plaintiff's unduly lengthy Complaint. Rather, it is submitted that it should hold a pre-motion conference in which the parties can agree to a "summary judgment" schedule for disposition of this case by this Court.

Thank you for consideration of the above.

Very truly yours,

SHAW, PERELSON, MAY & LAMBERT, LLP

BY:   */s/ Mark C. Rushfield*
      **MARK C. RUSHFIELD, ESQ.**

MCR/hs

cc:   *Via ECF*
      Dina Aversano DiBlasi, Esq.

      *Via e-mail and regular mail*
      Dr. Ronald Valenti, *Superintendent of Eastchester Union Free School District*